Docket as of May 19, 2006 0:28 am                                   Web PACER (v2.4)

# U.S. District Court

## Southern District of Florida (Miami)

### CIVIL DOCKET FOR CASE #: 06-CV-21014

### Awala v. Levi, et al

Filed: 04/19/06
Assigned to: Judge Adalberto Jordan
Demand: $0,000
Nature of Suit: 530
Lead Docket: None
Jurisdiction: US Defendant
Dkt# in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

```
GBEKE MICHAEL AWALA              Gbeke Michael Awala
     plaintiff                   ppp
                                 #82074-054
                                 [COR LD NTC] [PRO SE]
                                 Federal Detention Center
                                 PO Box 562
                                 Philadelphia, PA 19106
   v.
TROY LEVI, Warden, FDC
Philadelphia
     defendant
UNITED STATES ATTORNEY GENERAL,
Alberto Gonzales
     defendant
```

## DOCKET   PROCEEDINGS
**Position the cursor on the Img Icon to view the Image Display Cost.**

DATE   #  Img            DOCKET   ENTRY

| | | | |
|---|---|---|---|
| 4/19/06 | 1 | PDF | COMPLAINT/PETITION for writ of habeas corpus 28 USC 2241 filed; IFP ; Magistrate Judge Theodore Klein (direct assignment per chambers) (sk) [Entry date 04/21/06] |
| 4/24/06 | 2 | PDF | ORDER dismissing case ( Signed by Judge Adalberto Jordan on 04/24/06) [EOD Date: 4/25/06] (sk) [Entry date 04/25/06] |
| 4/24/06 | -- | | CASE CLOSED. Case and Motions no longer referred to Magistrate. (per chambers) (sk) [Entry date 04/25/06] |
| 5/10/06 | 3 | PDF | MOTION by Gbeke Michael Awala (Attorney ) for reconsideration of [2-2] ORDER dismissing case ( Signed by Judge Adalberto Jordan on     04/24/06) (sk) [Entry date 05/11/06] |
| 5/11/06 | 4 | PDF | ORDER transferring case to USDC, Delaware granting in part, denying in part [3-1] motion for reconsideration of [2-2] ORDER dismissing case ( Signed by Judge Adalberto Jordan on 04/24/06) ( Signed by Judge Adalberto Jordan on 5/10/06) [EOD Date: 5/17/06] (hd) [Entry date 05/17/06] |
| 5/17/06 | 5 | PDF | Clerk's Notice of Transfer Of Electronic File to Other District sent to District of Delaware (hd) |

Case Flags:
TK
CLOSED

END OF DOCKET: 1:06cv21014



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/19/2006 11:18:09 | | | |
| **PACER Login:** | us4171 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 1:06cv21014 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Cost displayed does not include Image Display Cost, if any.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

GBEKE MICHAEL AWALA, :

    Petitioner, :

    Vs. : Civil No. _____

TROY LEVI, Warden, FDC Philadelphia :

Attorney General Alberto Gonzales, :

    Respondents. :

FILED by ___ D.C.
INTAKE
APR 19 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PETITION FOR A WRITS OF HABEAS CORPUS

AND NOW COMES, the petitioner Gbeke Michael Awala, appearing in Pro Se, and respectfully moves the honorable court for an order pursuant to Title 28 U.S.C. §§2241 and 1369(b)(2); that this court place on test the legality of the judgment of the Federal Court, that resulted into which the petitioner is subject to imprisonment. The petitioner contends that the result of this court after its factual findings and conclusion would result into immediate release from custody nor in any way possible to review the merits in the district wherein the petitioner is in custody, therefore, this court have concurrent jurisdiction to exercise jurisdiction, and pursuant to §2241(c)(4) I, beign a citizen of "Florida State and the prosecuting district court should have abstain from the hearing, following a certification of Questions of State Law; in light of the claims asserted by the petitioner to be permitted to be entertained by the State of Florida's Health Department, regarding his Birth Certificate. In support thereof the petitioner states as follows:

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................

QUESTIONS PRESENTED ..................................................

**STATEMENT OF SUBJECT MATTER** AND THE COURT **JURISDICTION** .....

SENTENCE AND CUSTODY STATUS ..........................................

STATEMENT OF THE CASE ................................................

STATEMENT OF FACTS ...................................................

ARGUMENT .............................................................

RELIEF SOUGHT........................................................


                        In spirit and in Truth
CLOSING PRAYER.......................................................

The petitioner contends that the decision of the Federal Court, that allows for the prosecution of the petitioner as charged was unusually extensive and misconduct in a situation involving a State of Florida's jurisprudence. That the Trial and the verdict was contrary to the law and conflicts with the same between the Srtate and Federal Law, therefore, the court should review based on assertions that those courts applied different rationales in reaching their uniform results, that out Eleventh Circuit precedent may greive and permit the petitioner tp be released--create protection against the erosion of the petitioners right under the state law and also secures the petitioners propriety to be free from wrongful restraint upon his liberty. Moreover, the petitioner states as follows:

(a) The person seized is a Citizen of the State of Florida,

(b) He was found in the United states of America, after entering the United States as a United States Citizen Status; and

(c) The Governmental Agent sought to be compelled to release the petitioner is the respondent Attorney General of the United States of America: In support thereof the Petitioner states as follows:

### (A).     TABLE OF AUTHORITIES

Kingsland V. City of Miami, 369 F.3d 1210 (11th Cir. 2004)(In action for malicious prosecution, where evidence is in dispute, malice and want of probale cause are jury question); see also Marx v. Gumbinner, 905 F,2d 1503, 1505 (11th Cir. 1990)(A warrantless arrest without probable cause violates the Constitution and provides a basis for a claim). See also Sevigny v. Dicksey, 846 F.2d 953 (4th Cir. 1988)("We

2.

consider whether the defendants' investigation was consider constitutionally deficient. Appellant argues that the district court erroneosly concluded as a matter of law that the officers conducted a constitutioally-sufficient investigation, thereby removing the inquiry from a jury. She contends that, objectively, officers should not be permitted to turn a blind eye exculpatory information that is available to them, and instead support their actions on selected facts they chose to focus upon. See also BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986)(officer must be held to knowledge of reasobly discoverable information bearing upon probable cause to arrest for child neglect. See Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)(a violation of her Fourth Amendment right to be free from unreasonable seizure). See Durkin v. Davis, 814 So.2d 1217 (Fla.1986)(There was an absence of probable cause for the original proceeding; there was malicious on the part of the present defendant); see also Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998)(stating that a malicious prosecution claim could be found under the Fourth Amendment in that a defendant remains seized for trial so long as he is obligated to appear in court and answer the states's charges); see also Albright v. Oliver, 510 U.S. 266(1994). See also Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir. 2003)("Plainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment).

(B)        QUESTIONS PRESENTED

(1) Facts issue existed whether officers had fabricated probable cause to arrest; conviction records wasinsufficient to establish a verdict of guilt; and

(2) Facts issue existed whether as to whether officer had failed to conduct reasonable investigation; and

(3) The Petitioner alleges that the present respondent was the legal cause of the original proceeding and that agents investigation had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest, and that the respondent had knowingly destroyed exculpatory evidence, and had caused "an illegal and unlawful prosecution and evidence to be used at trial; and

(4) The Petitioner uses this Federal Habeas corpus to challenge the legality of his conviction in the United States District Court for the District of delaware, alleging unconstitutional conviction or imprisonment.

### (C).    JURISDICTION OF THIS COURT

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. Section 2241(a) and (b): and since the Petitioner may also gain the ancillary jurisdictional power of the court or territorial scope of the courts ongoing collateral action, the court is capable of grantin the writ.

### (D).    STATEMENT OF THE CASE

The Petitioner was unlawfully tried and convicted by a jury and it is reasonably argued that the evidence was not proven beyond a reasonable doubt to warrant a conviction in violation of Title 8 U.S.C. section 1326 et seq.

### (E)    STATEMENT OF FACTS

The Petitioner wants the court to conduct a de novo test of the facts that was adjudicated without merits underlying his U.S. Citizenship claim. See Miller v. Albright, 523 US 420(1998)(U.S. Citizenship).

### (F).    RELIEF SOUGHT

The Petitioner sought injunctive relief and release from custody.

CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the

MOTION: <u>    UNITED STATES DISTRICT COURT S. Florida.    </u>

<u>    petition for habeas corpus.    </u>

in the captioned matter upon the following persons.

Service by Postal Service Mail addressed as follows:

1. Clerk of the Court
   U.S. District Court
   for the District of Delaware
   844 N. King Street
   Wilmington De 19810

2. Beth E. Moschow Schnoll
   AUSA
   District of Delaware
   1007 Orange Str Suite 700
   Wilmington, De 19899

3. Alberto Gonzales
   Office of Immigration Litigation
   P.O. Box 878
   Ben Franklin Station
   Washington, D.C 20044

4. Troy Levi
   Warden, FDC Philadelphia.

Dated. _____

Respectfully submitted,

Gbeke Michael Awala, E.s.q.
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105.

1-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 06-21014-CIV-JORDAN



**CLOSED CIVIL CASE**

| | |
|---|---|
| GBEKE MICHAEL AWALA | ) |
| Petitioner | ) |
| vs. | ) |
| TROY LEVI, Warden, FDC Philadelphia, et al. | ) |
| Respondents | ) |

### ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Gbeke Michael Awala has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Troy Levi, the Warden at FDC Philadelphia, and Alberto Gonzales, the Attorney General of the United States. Mr. Awala states in his petition that he is seeking release from federal custody on the grounds that (1) he was arrested without probable cause and maliciously prosecuted, and (2) there was insufficient evidence to support his federal conviction (apparently for illegal re-entry in violation of 8 U.S.C. § 1326). Mr. Awala states in the petition that he was convicted in the District of Delaware.

A federal court has the authority to determine, sua sponte, whether it has subject-matter jurisdiction to entertain the matter before it. *See, e.g., Rutherford v. Crosby,* 438 F.3d 1087, 1089 n.2 (11th Cir. 2006) (citing cases). Upon review, this petition does not belong in the Southern District of Florida, and jurisdiction does not exist. Mr. Awala was convicted in Delaware. He is now incarcerated in Pennsylvania, and his custodian (Warden Levi) is not subject to jurisdiction here. The Supreme Court has held that, generally, the proper respondent in a habeas challenge to present physical confinement is the warden of the facility where the prisoner is held, and not the Attorney General or some other remote supervisory official. In the same case, the Court ruled that, generally, jurisdiction for a core habeas petition challenging present physical confinement lies only in the district of confinement, and therefore only a court in the district of confinement *can issue a* writ of habeas corpus. *See Rumsfeld v. Padilla,* 524 U.S. 426, 434-48 (2004). These are the same

principles which the Eleventh Circuit has followed for 20 years. *See Hadjuk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985).

Furthermore, given that Mr. Awala is challenging the legality of his federal conviction, it appears that he must file a motion to vacate under 28 U.S.C. § 2255, and cannot proceed with a habeas petition under 28 U.S.C. § 2241. If I treat this petition as a motion to vacate, dismissal is still warranted because a § 2255 motion must be filed in the district where the prisoner was convicted and sentenced. *See Birdsall v. State of Alabama*, 834 F.2d 920, 921 (11th Cir. 1987). *See also Ivay v. Pontasso*, 328 F.3d 1057, 1058 n.1 (9th Cir. 2003); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

This case is dismissed for lack of jurisdiction. If Mr. Awala wants this case transferred to the District of Delaware, *see* 28 U.S.C. § 1631, he has until May 12, 2006, to request a transfer. I will retain jurisdiction until then. If he does not request a transfer by that date, the case will remain closed.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of April, 2006.

Adalberto Jordan
United States District Judge

Copy to: Magistrate Judge White and Gbeke Michael Awala, No. 82074-054, FDC, P.O. Box 562, Philadelphia, PA 19105.

IN THE UNITED STTAES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

GBEKE MICHAEL AWALA              :

    Petitioner,                  :

                                     :   CASE NO. 06-21014-CIV-JORDAN

vs.                              :

TROY LEVI, Warden, FDC Philadel. :

    Respondents.                 :

FILED by _____ D.C.
MAY 1 0 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

## MOTION TO RECONSIDER

AND NOW COMES the Petitioner, Gbeke Michael Awala, appearing in the above captioned matter, thus, move the court to reconsider its position dated April 24th, 2006, denying the petitioners Habeas Corpus, to petition for transfer to cure want of jurisdiction. Accordingly, under 28 U.S.C. Section 1631. Under Title 28 U.S.C. Section 2241(a) Writs of Habeas corpus may be granted by the Supreme Court, any justice thereof, the district Courts and any circuit judge within ther respective Jurisdiction. More so, under Section 2243. A court, Justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. Thus, the Court in this instant case have not shrivel up the merits of the case certifying the true cause of the detention. It is also true that the Petitioner can file the Habeas Corpus under 2241 instead of 2255 motion. What the court now does is unjust, it is not the order that is unjust, is when

the Honorable Adalberto abandons uprightness and does wrong, and upheld the wrong that the Delaware District Court has done against the Citizen of this State. The Petitioner having chosing to renounce all his previous bad acts and most certainly return to his own Country by Birth, what this Court has done is wrong, after learning of the unjust facts leading to the Petitioners Conviction in the District Court in Delaware. The Court should not avoid all petitions filed by the Petitioner. The court should declare the Petitioner innocent and create for him a new path to dwell.

FORASMUCH, as the Court had offered to transfer the Case to The United states District Court, for the District of Delaware untill May 12, 2006, this motion is for a reconsideration whether to retain Jurisdiction and if the courts finds it want of Jurisdiction still/let the Court apply its discretion and judgment. Thus, transfer it to the Delaware Court.

ACCORDINGLY, in St. Luke Chapter 3 vs. 3..'And he (John the Baptist), went into all the region around Jordan, preaching a baptism of repentance for the remission of sins. Now the petitioners questions are which of the two Jordans in this cases, The Honorable Kent a Jordan from the District of Delaware and/or the Honorable Adalberto Jordan, from the Southern District of florida, will call on the Prosecutors to repent from there sins against the Petitioner?, I am American Citizen.

FINALLY, the basic scope of habeas corpus is prescribed by statute. 28 U.S.C. Section 2241(c) provides that the "writ of habeas corpus shall not extend to a prisoner unless***(h)e is in custody in violation of the Constitution." In Preiser v. Rodriguez, 411 U.S. 475(1973)(the Court said: "it is clear ...that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from

2.

illegal custody." 411 U.S. at 484. Initially the Supreme Court held that habeas corpus was appropriate only in those situations in which petitioners claim would, if upheld, result in an immediate release from a present custody. McNally v. Hill, 293 U.S. 131(1934).

WHEREFORE, for the reasons stated in the foregoing memorandum of law, as well as for any that may become apparent at a hearing on this matter, petitioner Gbeke M. awala, respectfully requests that Court grant the instant motion and issue a release of the Petitioner from custody.

Dated. 5/5/, 2006.

                                                Respectfully submitted,

                                                Gbeke Michael Awala Pro Se
                                                No. 82074-054
                                                Federal Detention Center
                                                P.O. Box 562
                                                Philadelphia, PA 19105



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 06-21014-CIV-JORDAN

GBEKE MICHAEL AWALA, )
       Petitioner, )
     )
vs. )
     )
TROY LEVI, Warden, FDC Philadelphia, et al., )
     )
       Respondents )

**ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION AND ORDER TO THE CLERK**

Mr. Awala's motion for reconsideration [D.E. filed on May 10, 2006] is GRANTED IN PART. Mr. Awala's motion for reconsideration of my order dismissing this matter for lack of jurisdiction [D.E. 2] is DENIED for the reasons explained in my prior order.

To the extent Mr. Awala asks the court to transfer his case to the Eastern District of Pennsylvania, the district in which he is confined, that motion is GRANTED. Accordingly, this case is REOPENED, and the clerk is directed to transfer it to the District Court of Delaware where he was convicted.

DONE and ORDERED in chambers in Miami, Florida, this 10th day of May, 2006.

_____
Adalberto Jordan
United States District Judge

Copy to:   Gbeke Michael Awala, *pro se*, ppp # 82074-054, Federal Detention Center, PO Box 562, Philadelphia, PA 19106.
All counsel of record



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21014-CIV-AJ

Gbeke Michael Awala,

    Plaintiff(s),

v.

Troy Levi, etc.,

    Defendant(s),

```
FILED by  hd  D.C.

May 17, 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.
```

## CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on **May 10, 2006**, the above-styled case is hereby transferred to the **Delaware**. Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is [ ] a combined paper and electronic file or [ X ] an electronic file and the imaged documents can be obtained at **PACER.USCOURTS.GOV** by using your Pacer **(not CM/ECF)** login and password. If you do not have a pacer login, please contact the Pacer Center at 1-800-676-6856.

DONE at the Federal Courthouse, Miami, Florida, this 17 day of May 2006.

                          CLARENCE MADDOX,
                          Court Administrator • Clerk of Court

                          By: _____
                               Hannah Dyer
                               Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

                United States District Court
                Southern District of Florida
                301 N. Miami Avenue
                Miami, Florida 33128

**Received By:** _____

**New Case No.** _____

FedEx Express US Airbill

FedEx Tracking Number  8545 7905 4422

1 From
Date 5/17/06
Sender's Name Clerk's Office
Sender's FedEx Account Number 1170-6611-8
Company UNITED STATES DISTRICT COURT
Phone (305) 523-5100
Address 301 N MIAMI AVE STE 150
City MIAMI  State FL  ZIP 33128-7702

2 Your Internal Billing Reference
Case # 06-21014-CV-AJ

3 To
Recipient's Name United States District Court
Phone (302) 573-6170
Company
Address 844 N King Street
Lockbox 18
City Wilmington  State DE  ZIP 19801

03245A7805

4a Express Package Service
☒ FedEx Standard Overnight

5 Packaging
☒ FedEx Envelope

7 Payment  Bill to:
☒ Sender

519