IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by ___ D.C.
INTAKE
APR 19 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

GBEKE MICHAEL AWALA, :

    Petitioner, :

     :

    Vs.                        Civil No. _____

     :

TROY LEVI, Warden, FDC Philadelphia:

Attorney General Alberto Gonzales, :

    Respondents. :

## PETITION FOR A WRITS OF HABEAS CORPUS

AND NOW COMES, the petitioner Gbeke Michael Awala, appearing in Pro Se, and respectfully moves the honorable court for an order pursuant to Title 28 U.S.C. §§2241 and 1369(b)(2); that this court place on test the legality of the judgment of the Federal Court, that resulted into which the petitioner is subject to imprisonment. The petitioner contends that the result of this court after its factual findings and conclusion would result into immediate release from custody nor in any way possible to review the merits in the district wherein the petitioner is in custody, therefore, this court have concurrent jurisdiction to exercise jurisdiction, and pursuant to §2241(c)(4) I, beign a citizen of "Florida State and the prosecuting district court should have abstain from the hearing, following a certification of Questions of State Law; in light of the claims asserted by the petitioner to be permitted to be entertained by the State of Florida's Health Department, regarding his Birth Certificate. In support thereof the petitioner states as follows:

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................

QUESTIONS PRESENTED .........................................

**STATEMENT OF SUBJECT MATTER** AND THE COURT **JURISDICTION** .....

SENTENCE AND CUSTODY STATUS .................................

STATEMENT OF THE CASE .......................................

STATEMENT OF FACTS ..........................................

ARGUMENT ....................................................

RELIEF SOUGHT................................................


                    In spirit and in Truth
CLOSING PRAYER...............................................

The petitioner contends that the decision of the Federal Court, that allows for the prosecution of the petitioner as charged was unusually extensive and misconduct in a situation involving a State of Florida's jurisprudence. That the Trial and the verdict was contrary to the law and conflicts with the same between the Srtate and Federal Law, therefore, the court should review based on assertions that those courts applied different rationales in reaching their uniform results, that out Eleventh Circuit precedent may greive and permit the petitioner tp be released--create protection against the erosion of the petitioners right under the state law and also secures the petitioners propriety to be free from wrongful restraint upon his liberty. Moreover, the petitioner states as follows:

(a) The person seized is a Citizen of the State of Florida,

(b) He was found in the United states of America, after entering the United States as a United States Citizen Status; and

(c) The Governmental Agent sought to be compelled to release the petitioner is the respondent Attorney General of the United States of America: In support thereof the Petitioner states as follows:

(A).     TABLE OF AUTHORITIES

Kingsland V. City of Miami, 369 F.3d 1210 (11th Cir. 2004)(In action for malicious prosecution, where evidence is in dispute, malice and want of probale cause are jury question); see also Marx v. Gumbinner, 905 F,2d 1503, 1505 (11th Cir. 1990)(A warrantless arrest without probable cause violates the Constitution and provides a basis for a claim). See also Sevigny v. Dicksey, 846 F.2d 953 (4th Cir. 1988)("We

2.

consider whether the defendants' investigation was consider constitutionally deficient. Appellant argues that the district court erroneosly concluded as a matter of law that the officers conducted a constitutioAally-sufficient investigation, thereby removing the inquiry from a jury. She contends that, objectively, officers should not be permitted to turn a blind eye exculpatory information that is available to them, and instead support their actions on selected facts they chose to focus upon. See also BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986)(officer must be held to knowledge of reasobly discoverable information bearing upon probable cause to arrest for child neglect. See Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)(a violation of her Fourth Amendment right to be free from unreasonable seizure). See Durkin v. Davis, 814 So.2d 1217 (Fla.1986)(There was an absence of probable cause for the original proceeding; there was malicious on the part of the present defendant); see also Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998)(stating that a malicious prosecution claim could be found under the Fourth Amendment in that a defendant remains seized for trial so long as he is obligated to appear in court and answer the states's charges); see also Albright v. Oliver, 510 U.S. 266(1994). See also Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir. 2003)("Plainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment).

### (B)     QUESTIONS PRESENTED

(1) Facts issue existed whether officers had fabricated probable cause to arrest; conviction records wasinsufficient to establish a verdict of guilt; and

(2) Facts issue existed whether as to whether officer had failed to conduct reasonable investigation; and

3.

(3) The Petitioner alleges that the present respondent was the legal cause of the original proceeding and that agents investigation had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest, and that the respondent had knowingly destroyed exculpatory evidence, and had caused "an illegal and unlawful prosecution and evidence to be used at trial; and

(4) The Petitioner uses this Federal Habeas corpus to challenge the legality of his conviction in the United States District Court for the District of delaware, alleging unconstitutional conviction or imprisonment.

## (C).    JURISDICTION OF THIS COURT

This court's jurisdiction is invoked pursuant to Title 28 U.S.C. Section 2241(a) and (b): and since the Petitioner may also gain the ancillary jurisdictional power of the court or territorial scope of the courts ongoing collateral action, the court is capable of grantin the writ.

## (D).    STATEMENT OF THE CASE

The Petitioner was unlawfully tried and convicted by a jury and it is reasonably argued that the evidence was not proven beyond a reasonable doubt to warrant a conviction in violation of Title 8 U.S.C. section 1326 et seq.

## (E)    STATEMENT OF FACTS

The Petitioner wants the court to conduct a de novo test of the facts that was adjudicated without merits underlying his U.S. Citizenship claim.  See Miller v. Albright, 523 US 420(1998)(U.S. Citizenship).

## (F).  RELIEF SOUGHT

The Petitioner sought injunctive relief and release from custody.

CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the

MOTION: <u>    UNITED STATES DISTRICT COURT S. Florida.    </u>

<u>    petition for habeas corpus.    </u>

in the captioned matter upon the following persons.

Service by Postal Service Mail addressed as follows:

1. Clerk of the Court
   U.S. District Court
   for the District of Delaware
   844 N. King Street
   Wilmington De 19810

2. Beth E. Moschow Schnoll
   AUSA
   District of Delaware
   1007 Orange Str Suite 700
   Wilmington, De 19899

3. Alberto Gonzales
   Office of Immigration Litigation
   P.O. Box 878
   Ben Franklin Station
   Washington, D.C 20044

4. Troy Levi
   Warden, FDC Philadelphia.

Dated. 4-14-06

Respectfully submitted,

Gbeke Michael Awala, E.s.q.
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105.

1-1