IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 06–323-KAJ |
| ) | |
| TROY LEVI, Warden, FDC ) | |
| Philadelphia, and ALBERTO ) | |
| GONZALES, Attorney General, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

At Wilmington this 15th day of June, 2006;

IT IS ORDERED that:

Petitioner Gbeke Michael Awala's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice to enable Awala to file a timely § 2255 motion after his pending appeal to the Third Circuit has been concluded.[1] (D.I. 6)

On January 18, 2006, a federal jury convicted Awala of illegal reentry into the United States after deportation without the Attorney General's permission in violation of 8 U.S.C. 1326. *See U.S.A. v. Awala*, Cr. A. No. 04-90-KAJ, at D.I. 175 and D.I.187. On April 19, 2006, prior to sentencing,[2] Awala filed a § 2241 petition in the United

---

[1] Motions filed pursuant to 28 U.S.C. § 2255 must be filed within a one-year limitation period. Acting *pro se*, Awala is responsible for determining the events that trigger the one-year period.

[2] Awala was sentenced on May 11, 2006 to 51 months of imprisonment and 36 months of supervised release. *See generally* Docket for *U.S.A. v. Awala*, Cr. A. No. 04-90-KAJ.

States District Court for the Southern District of Florida requesting release from custody and raising the following claims: (1) he was arrested without probable cause and maliciously prosecuted; and (2) there was insufficient evidence to support his federal conviction for illegal entry. The Florida District Court transferred the petition to this court on May 17, 2006. (D.I. 5)

The two claims contained in the instant § 2241 petition challenge Awala's underlying conviction, and therefore, can only be reviewed pursuant to 28 U.S.C. § 2255. See *Coady v. Vaughn*, 251 F.3d 480, 484 - 86 (3d Cir. 2001). The Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, indicates that, "absent extraordinary circumstances," a § 2255 motion "is inappropriate if the movant is simultaneously appealing the decision." *Id., citing Womack v. United States*, 395 F.2f 630, 631 (D.C. Cir. 1968). Additionally, the Third Circuit has explained that "a collateral attack is generally inappropriate if the possibility of further direct review remains open." See generally *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Awala has not presented extraordinary circumstances warranting review of his § 2255 claims during the pendency of his appeal. Thus, Awala has prematurely filed the instant petition, and I dismiss the petition without prejudice to refile a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, if and when his conviction becomes final.

UNITED STATES DISTRICT JUDGE